MARY L. GOODELL v. THE CITY COUNCIL OF KALAMAZOO.

*Municipal corporations—Opening streets—Condemnation of land—Abandonment of proceedings—Certiorari.*

1. Where, under its charter, a city has *unlimited* power to open streets, if the land to do so is acquired or obtainable, it does not concern private persons *what* streets the council open, where the right of way has been obtained. *Long v. Battle Creek,* 39 Mich. 323.

2. Proceedings were taken by a city to open a street, and the jury awarded $800 damages to a land-owner, which award was confirmed, and not complained of as insufficient. The council authorized a *release* of the land condemned to the land-owner on her *release* to the city of the *damages* awarded, which offer was refused, and the land-owner brought *certiorari* to set aside the condemnation proceedings for certain alleged irregularities in the preliminary action of the common council, including an alleged failure to hold any preliminary treaty with the plaintiff, who made this objection before the recorder when the jury was ordered.

*Held,* that plaintiff cannot, at the same time, insist *upon* the street, and that it is *not* a street. She can object to the *unlawful* use of her land, but the only *legal* redress she can get in the *certiorari* proceeding is the prevention of such *unauthorized* use, and she cannot set up grievances for her neighbors, nor oppose a street that does not take her land.

*Held,* further, that it was *competent* for the city to take plaintiff at her word, and abandon the proceedings against her; and it was no more than reasonable to ask her to choose between such abandonment and the acceptance of damages.

*Held,* further, that as the city made this offer, which plaintiff declined to act upon, she has no *equitable* claim to prosecute her writ, which is based on no merits, and not necessary to her protection.

Certiorari to set aside proceedings to open a street. Submitted October 20, 1886. Writ dismissed as improvidently granted, October 28, 1886. The facts are stated in the opinion.

*E. M. Irish* and *J. W. Osborn*, for petitioner.

*W. G. Howard* and *E. S. Roos*, for respondent.

CAMPBELL, C. J.    Plaintiff brought *certiorari* to set aside proceedings to open a street in which a parcel of her property 16 feet wide was included.    The affidavit was not made by herself, but by her attorney, who, upon some points, swore only on information and belief.    It relies on some alleged irregularities in the preliminary action of the common council, including an alleged failure to hold any preliminary treaty with plaintiff, who appeared before the recorder when the jury was ordered, and made this latter objection.    The jury awarded her $800, which is not complained of as insufficient.    After the jury's award was returned to the council, it was confirmed.    That body authorized a release to be made to Mrs. Goodell of the strip of land belonging to her, if she would relinquish the award of damages, which she refused to do.    Enough land would remain in the street without the 16 feet to make it of respectable width.

Under the charter of Kalamazoo, the city has unlimited power to open streets, if the land to do so is acquired or obtainable.    It cannot obtain land, against the will of the owners, without special proceedings (chapter 17, § 16, Charter; Local Laws 1883, p. 697), but otherwise it may do so, and it does not concern private persons what streets the council open, where they have the right of way (*Long v. Battle Creek*, 39 Mich. 323).

Plaintiff cannot, at the same time, insist upon the street, and insist it is not a street.    She can object to the unlawful use of her land, but the only legal redress which she can get in this proceeding is the prevention of the unauthorized use of her land. She cannot, in this private action, attempt to set up grievances for her neighbors, or oppose a street that does not take her land.    If the proceedings are regular, she is not damnified.    If her land is not taken, she is not damnified.

Under the charter of Kalamazoo, it is expressly provided that a disagreement of a jury as to one or more distinct parcels of land shall not affect the awards and report in which they have agreed, and that, on request of the mayor or city clerk, new juries may be impaneled as often as necessary concerning any such lands. Chapter 23, § 5. There is nothing requiring a further jury, if not desired. This charter does not provide for any assessment of benefits by the jury of inquest, so that there is no reason which would make it imperative in all cases to take into consideration the failure to approve the entire length of highway proposed. If the city is willing to take the improvement as it may be had under the verdict, and if the parties who obtain awards are willing to take them, no one else can complain.

Under the charter, we are strongly inclined to think it was intended that the determination whether an effort to make an agreement had been attempted, was to be ascertained by the city council before proceeding to ask a jury from the recorder. The section which makes him the proper person to award a jury is quite particular, and does not appear to give him any judicial duty to perform in the matter, but merely to call a jury, when requested by a proper petition, showing the prerequisites. Chapter 23, § 1. The application appears to be full enough. The records of the council show an averment of inability to obtain the land requisite, and do not, as suggested by counsel for petitioner, show no attempt to deal with her. They show a failure to approve such offers as had been made, but no more, unless by a strained inference, inconsistent with the view of the council. No attempt seems to have been made by petitioner to have any disposition or trial of the facts on this point before the recorder, and no offer was made to negotiate, or averment of willingness to negotiate, then or earlier. If we were compelled to decide this question, we should hesitate to say it was now open.

But, in our opinion, it was entirely competent to take her at her word, and abandon the proceeding as against her. It was no more than reasonable to ask her to choose between such abandonment of the proceedings and the acceptance of damages. How it might affect others does not concern her in any way. As the city made this offer, and she declined to act upon it, we think she has no equitable claim now to prosecute this writ, which is based on no merits, and which is not necessary to her protection. She had no right to leave the city in doubt as to her purpose, and she needs no aid of this Court to avoid proceedings voluntarily abandoned.

The writ must be dismissed as improvidently granted, with costs.

The other Justices concurred.